UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTHONY HILL,

Plaintiff,

-against-

CHRISTOPHER MILLER,

Defendant.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/21/16
```

15 Civ. 6256 (KMW)(JCF)

**AMENDED ORDER**
**ADOPTING REPORT AND**
**RECOMMENDATION**

KIMBA M. WOOD, District Judge:

On August 7, 2015, Petitioner *pro se*, Anthony Hill, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On August 21, 2015, the matter was referred to Magistrate Judge James C. Francis. Before the Court is the Report and Recommendation ("R & R") of Judge Francis, familiarity with which is assumed. In the R & R, Judge Francis proposed that Petitioner's petition be denied. ECF No. 25. Petitioner filed objections to the R & R. ECF No. 33. In addition, Petitioner filed a letter requesting that the case be stayed pending his petition for a writ of error *coram nobis*. ECF No. 34. This case was re-assigned to the undersigned on November 22, 2016. After considering Petitioner's objections, and reviewing the remainder of the R & R for clear error, this Court ADOPTS the R & R in its entirety and DENIES Petitioner's request for a stay.

## DISCUSSION

I.     Standard of Review

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party makes specific objections, the court reviews *de novo* those portions of the R & R to which objection is made. *Id.*; Fed. R. Civ. P. 72(b)(3). However, "when a party makes only conclusory or general objections, or simply reiterates the original arguments," the court reviews the R & R strictly for clear error. *Wallace v. Superintendent of Clinton Corr. Facility*, No. 13 Civ. 3989, 2014 WL 2854631, at *1 (S.D.N.Y. June 20, 2014); *see also Osborne v. Miller*, 557 F. Supp. 2d 435, 438-39 (S.D.N.Y. 2008) ("Reviewing courts should review a[n] [R & R] for clear error where objections are 'merely perfunctory responses,' argued in an attempt to 'engage the district court in a rehashing of the same arguments set forth in the original petition.'") (citation omitted). "[N]ew arguments and factual assertions cannot properly be raised for the first time in objections to the [R & R], and indeed may not be deemed objections at all." *Razzoli v. Fed. Bureau of Prisons*, No. 12 Civ. 3774, 2014 WL 2440771, at *5 (S.D.N.Y. May 30, 2014). The court may adopt those portions of the R & R to which no objection is made "as long as no clear error is apparent from the face of the record." *Oquendo v. Colvin*, No. 12 Civ. 4527, 2014 WL 4160222, at *2 (S.D.N.Y. Aug. 19, 2014) (internal quotation marks and citation omitted).

"*Pro se* parties are generally accorded leniency when making objections." *Pinkney v. Progressive Home Health Servs.*, No. 06 Civ. 5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21,

2008). "Nonetheless, even a *pro se* party's objections to a[n] [R & R] must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a 'second bite at the apple' by simply relitigating a prior argument." *Id.* (citation omitted).

II.   Petitioner's Objections

Petitioners' objections focus on two of the claims raised in the habeas petition: (1) ineffective assistance of trial counsel regarding his speedy trial claim; and (2) factual support that indicates that the police did not have a search warrant when they conducted their search. ECF No. 33 at 1-6. Judge Francis found that both claims were procedurally barred.

A.   Ineffective Assistance of Trial Counsel

First, Petitioner reasserts his claim that his counsel was ineffective for failing to pursue Petitioner's trial motion regarding his right to a speedy trial. Judge Francis determined that Petitioner's ineffective assistance of trial counsel claim was procedurally barred: Petitioner failed to raise the issue on direct appeal, and a collateral attack under C.P.L. § 440.10 is barred because the trial record was sufficient to provide for adequate appellate review. R & R, at 19-26. Petitioner's objections do not suggest otherwise. The Court concurs with Judge Francis' assessment that Petitioner's ineffective assistance of trial counsel claim is barred from federal habeas review.

B.   Fourth Amendment

Petitioner further argues that Judge Francis "overlooked" facts that demonstrate that the police did not possess a search warrant when they searched Petitioner's apartment, in violation of the Fourth Amendment, and that the trial court's dismissal of Petitioner's suppression motion as untimely without a hearing was "an unconscionable break down" in the state's corrective procedure. Judge Francis determined that federal habeas review of Petitioner's Fourth Amendment claim is precluded. R & R, at 11-16. Further, Judge Francis decided that federal habeas review of Petitioner's suppression motion was barred. R & R, at 11 n.4. Petitioner makes no new arguments, but instead restates the arguments set forth in the original petition. The Court finds no error in Judge Francis's thorough review of Petitioner's arguments and, accordingly, the Court adopts Judge Francis' finding on this issue.

C.   Remaining Issues

No objections have been made with respect to the remainder of the R & R. The Court has thus reviewed those portions of the R & R for clear error. The Court finds them to be well-reasoned and free of any clear error on the face of the record, and thus also adopts those portions of the R & R.

III.   Petitioner's Request for a Stay

Finally, in a letter dated October 4, 2016, Petition requests that this case be stayed pending resolution of his petition for a writ of error *coram nobis*. ECF No. 34. Petitioner argues that his appellate counsel was ineffective by failing to pursue Petitioner's speedy trial argument. As Judge Francis noted in the R & R, "Where an unexhausted claim may still be raised in state

court, a district court may (1) stay the habeas petition so that the petitioner may raise his claim in state court or (2) 'take jurisdiction over the claim for the sole purpose of dismissing it.' However, staying a petition 'for a plainly meritless claim constitutes an abuse of discretion.'" R & R, at 19 (quoting *Quail v. Farrell*, 550 F. Supp. 2d 470, 476 (S.D.N.Y. 2008)) (citation omitted). Judge Francis thoroughly reviewed the merits of the speedy trial motion and concluded, after careful consideration of the factors articulated in *Barker v. Wingo*, 407 U.S. 514, 530 (1972), that the Appellate Division's rejection of Petitioner's speedy trial claim was proper. R & R, at 40-46. The Court finds no error in Judge Francis' analysis that Petitioner's claim is meritless. Therefore, a stay would be inappropriate and Petitioner's request is DENIED.

## CONCLUSION

For the reasons stated above, the Court ADOPTS Judge Francis's well-reasoned R & R in its entirety. Accordingly, Petitioner's petition for a writ of habeas corpus is DENIED. Further, Petitioner's request for a stay is DENIED. Because the Petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253. This Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and *in forma pauperis* status on appeal is denied. *See Coppedge v. United States,* 369 U.S. 438, 444–45 (1962). The Clerk of Court is directed to mail a copy of this order and all unpublished decisions cited therein to Petitioner *pro se* and to close the case.

SO ORDERED.

Dated:   December 21, 2016
      New York, New York

                                       KIMBA W. WOOD
                           United States District Judge