```
UNITED STATES DISTRICT COURT                    USDC SDNY
SOUTHERN DISTRICT OF NEW YORK                   DOCUMENT
-----------------------------------------X      ELECTRONICALLY FILED
ANTHONY HILL,                                   DOC #:
                                                DATE FILED: 3/4/20
              Petitioner,
                                                15-CV-6256 (KMW)
      -against-
                                                OPINION & ORDER
CHRISTOPHER MILLER,

              Respondent.
-----------------------------------------X
```

KIMBA M. WOOD, United States District Judge:

Petitioner Anthony Hill ("Petitioner") is currently serving a fifty-year sentence following his conviction in New York on charges of rape, assault, sodomy, and sexual abuse. In August 2015, Petitioner petitioned this Court for a writ of habeas corpus, under 28 U.S.C. § 2254. This Court denied his petition in December 2016. On December 10, 2019, Petitioner moved under Rule 60(b)(4) of the Federal Rules of Civil Procedure to void the judgment of the New York State court (the "Motion"). This Court referred the Motion to Magistrate Judge Robert W. Lehrburger. Now before the Court is Judge Lehrburger's February 5, 2020, Amended Report and Recommendation, familiarity with which is assumed. For the reasons that follow, the Court partially adopts the Amended Report and Recommendation, and DENIES the Motion.

## BACKGROUND

The Amended Report and Recommendation describes the facts and procedural history of this case in detail. The following procedural history is particularly relevant to this Order.

Petitioner was prosecuted in New York state for sexually abusing his daughter when she was between the ages of nine and fourteen. His case involved three indictments. The first indictment, returned by a New York Grand Jury in March 2001, charged Petitioner with 32

counts of rape, sodomy, sexual abuse, assault, and endangering the welfare of a child (the "Indictment"). (ECF No. 44 at 86–99.) The second indictment was filed in April 2002, shortly before Petitioner's trial commenced (the "Amended Indictment"). The Amended Indictment remedied "some variation[s] of dates on one set of counts." (ECF No. 44 at 4–5, 100–10.) Petitioner pled guilty midway through his trial, but his guilty plea was subsequently reversed because he was not informed, prior to accepting it, that his sentence would include a period of supervised release. *People v. Hill*, 9 N.Y. 3d 189 (2007).

Petitioner was retried in April 2003 on the Amended Indictment. Following the close of evidence, a third indictment was filed (the "Amended & Re-Ordered Indictment"). (ECF No. 44 at 111–17.) The Amended & Re-Ordered Indictment reflected the prosecution's dismissal of nine counts and presented the remaining 23 counts in chronological order. (*Id.*) Petitioner was found guilty on all 23 counts. (ECF No. 44 at 144–48.)

On August 7, 2015, after unsuccessfully appealing his conviction in New York's appellate courts, Petitioner petitioned this Court for a writ of habeas corpus, under 28 U.S.C. § 2254. (ECF No. 2; *see also People v. Hill*, 994 N.Y.S.2d 97 (N.Y. App. Div. 2014), *leave denied*, 25 N.Y.3d 1165 (2015).) On December 21, 2016, this Court denied his § 2254 petition. (ECF No. 39.) Petitioner appealed the denial of his petition; on November 8, 2017, the Second Circuit upheld this Court's denial of his petition. *Hill v. Miller*, No. 16-4227, 2017 WL 6760652 (2d Cir. Nov. 8, 2017).

Petitioner filed the instant Motion on December 10, 2019. (ECF No. 44.) On January 8, 2020, this Court referred the Motion to Magistrate Judge Robert W. Lehrburger. (ECF No. 46.) Judge Lehrburger initially issued a Report and Recommendation on January 27, 2020. (ECF No. 50.) After that date, the Court received Petitioner's reply brief, dated January 20, 2020. (ECF No. 51.) Judge Lehrburger withdrew his initial Report and Recommendation and

issued the Amended Report and Recommendation on February 5, 2020. (ECF No. 52.) Petitioner timely objected to the initial January 27, 2020 Report and Recommendation, as well as to the February 2, 2020 Amended Report and Recommendation.[1] (ECF Nos. 53, 55.)

## LEGAL STANDARD

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The district court reviews *de novo* any portion of the magistrate judge's recommendation to which a party objects, but reviews for clear error those portions of the recommendation to which no specific objection is made. *Rivera v. Barnhart*, 423 F. Supp. 2d 271, 273 (S.D.N.Y. 2006) (Holwell, J.). The district court also applies clear error review "when a party makes only conclusory or general objections, or simply reiterates his original arguments." *Walker v. Vaughan*, 216 F. Supp. 2d 290, 292 (S.D.N.Y. 2002) (Berman, J.) (citation omitted). "[N]ew arguments and factual assertion cannot properly be raised for the first time in objections to the report and recommendation, and indeed may not be deemed objections at all." *Razzoli v. Fed. Bureau of Prisons*, No. 12-CV-3774, 2014 WL 2440771, at *5 (S.D.N.Y. May 30, 2014) (Preska, J.) (citation omitted).

A *pro se* litigant's objections to are "generally accorded leniency" and are construed "to raise the strongest arguments that they suggest." *DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 340 (S.D.N.Y. 2009) (Seibel, J.) (citation omitted). "Nonetheless, even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by

---

[1] Petitioner's objections to the Report and Recommendation and the Amended Report and Recommendation are similar, but not identical. In consideration of Petitioner's *pro se* status, and because doing so will not prejudice the Government, the Court considers both sets of objections.

3

simply relitigating a prior argument." *Id.* (citation omitted).

## DISCUSSION

In the Motion, Petitioner argues that the judgment of the New York State court is void for lack of jurisdiction because he was prosecuted based on series of amended indictments that were not re-submitted to a grand jury. The Amended Report and Recommendation recommends that the Motion be denied for three reasons: first, because Petitioner's claim is not the proper subject of a motion brought under Rule 60(b)(4); second, because the Motion is untimely; and third, because Petitioner's claim fails on its merits. (ECF No. 52.) The Court partially adopts the Amended Report and Recommendation, as discussed below.

### I. Petitioner's Claim Cannot Be Brought Under Rule 60(b)(4).

The Court agrees with Judge Lehrburger that Petitioner's challenge to the judgment of the New York State court is not the proper subject matter of a motion brought under Rule 60(b)(4). Rule 60(b)(4) may be used to challenge the district court's judgment denying a prisoner's § 2254 habeas corpus petition, but not to attack the underlying state court's judgment of conviction. *See Harris v. United States*, 367 F.3d 74, 77 (2d Cir. 2004). Otherwise, Rule 60(b)(4) would permit a prisoner to evade the stringent rules governing second and successive habeas corpus petitions. *See id.* at 81. Petitioner offers no objection to Judge Lehrburger's finding that his claim that the New York court lacked jurisdiction over him amounts to an attack on the judgment of the New York courts, and thus cannot be brought under Rule 60(b)(4).

When presented with a motion under Rule 60(b)(4) that improperly attacks the underlying conviction, the district court may construe the motion as a second or successive habeas corpus

4

petition and transfer it to the Court of Appeals for certification[2], or deny the motion as beyond the scope of Rule 60(b)(4). *See id.* at 82 (citing *Gitten v. United States*, 311 F.3d 529, 534 (2d Cir. 2002)). The latter course is appropriate because the Motion patently lacks merit.

## II. The Motion Fails on its Merits.

The Court agrees with Judge Lehrburger that the Motion is meritless because the New York trial court had jurisdiction over Petitioner even though he was tried and convicted on a series of amended indictments. It is true that New York courts have jurisdiction over a criminal defendant only if the defendant has been indicted by a Grand Jury. *See Simonson v. Cahn*, 261 N.E. 2d 246, 248 (1970); *see also* N.Y. Const. Art. I, § 6. However, the prosecution may, with permission from the court, amend the indictment before or during trial "with respect to defects, errors or variances from the proof relating to matters of form, time, place, names of persons and the like, when such an amendment does not change the theory or theories of the prosecution as reflected in the evidence before the grand jury . . . , or otherwise tend to prejudice the defendant on the merits." N.Y. Crim. Proc. Law § 200.70(1). An indictment that is amended in compliance with § 200.70(1) need not be re-submitted to a Grand Jury. *See People v. Champion*, 798 N.Y.S.2d 567, 570 (N.Y. App. Div. 2005). Here, the only change from the Indictment to the Amended Indictment was to the dates during which the charged conduct occurred; the only change from the Amended Indictment to the Amended & Re-Ordered Indictment was to the order in which the charges appeared. These amendments did not change the theory of the case against Petitioner or cause him any prejudice, and Petitioner offers no

---

[2] Prisoners who wish to make a second or successive § 2255 petition must demonstrate to the Court of Appeals that their claim is based on "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

5

coherent explanation of how they could have done so. Thus, the amendments complied with § 200.70(1), and did not divest the New York courts of jurisdiction over Petitioner.

Petitioner now objects that the amendments to Counts Seven, Nine, and Eleven of the Indictment impermissibly changed the theory of the prosecution against him because they changed the legal basis for the charges. But these Counts—presented as Counts Seven, Nine, and Eleven in the Amended Indictment and as Counts Three, Five, and Seven in the Amended & Re-Ordered Indictment—consistently charged Petitioner with two counts of Sodomy in the Second Degree, in violation of New York Penal Law § 130.45, and one count of Rape in the Second Degree, in violation of New York Penal Law § 130.30. Petitioner also claims that these Counts were deficient because they charged him with engaging in various prohibited acts with an individual less than fourteen years old, when the relevant statutes prohibit conduct with respect to individuals less than fifteen years old. *See* N.Y.P.L. §§ 130.30, 130.45. But the charged conduct plainly violated the relevant statutes, and thus the charging language was valid.

### III. The Court Does Not Decide the Issue of Timeliness.

Finally, the Court declines to decide whether the Motion was timely. The Motion advances a claim that cannot be brought under Rule 60(b)(4), and which is, in any event, meritless. Thus, the Motion would be denied whether or not it was timely.

### CONCLUSION

For the foregoing reasons, the Motion is DENIED. All pending motions are moot. The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: New York, New York
March 4, 2020

*/s/ Kimba M. Wood*
KIMBA M. WOOD
United States District Judge