UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X

ANTHONY HILL,

                       Petitioner,

       -against-

CHRISTOPHER MILLER,

                       Respondent.

--------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: June 22, 2020

15-CV-6256 (KMW)

**OPINION & ORDER**

KIMBA M. WOOD, United States District Judge:

Petitioner was convicted in New York State court on charges of rape, assault, sodomy, and sexual abuse.   On December 21, 2016, this Court denied Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.   (ECF No. 39.)   On March 4, 2020, this Court denied Petitioner's motion, brought under Rule 60(b)(4) of the Federal Rules of Civil Procedure, to void the judgment of the New York State court.   (ECF No. 58.)   The Court held that Petitioner's motion was beyond the scope of Rule 60(b)(4) because it challenged the New York State court's judgment of conviction, rather than the integrity of his habeas proceedings in federal court.   (*Id.*)

Petitioner has appealed the Court's denial of his Rule 60(b)(4) motion.   (ECF No. 60.) The Court holds that a certificate of appealability ("COA") shall not issue in this matter.

Where a prisoner improperly uses Rule 60(b)(4) to challenge the judgment of conviction against him, the prisoner must obtain a COA before appealing the denial of his Rule 60(b)(4) motion.   *See Mason v. United States*, No. 04-CV-2198, 2009 WL 2575855, at *1 (S.D.N.Y. Aug. 20, 2009) (Keenan, J.); *see also Kellogg v. Strack*, 269 F.3d 100, 103–04 (2d Cir. 2001).   To obtain a COA from the denial of a Rule 60(b)(4) motion under these circumstances, a prisoner

must show that "(1) jurists of reason would find it debatable whether the district court abused its discretion in denying the Rule 60(b) motion, and (2) jurists of reason would find it debatable whether the underlying habeas petition, in light of the grounds alleged to support the 60(b) motion, states a valid claim of the denial of a constitutional right."   *Kellogg*, 269 F.3d at 104.

Petitioner cannot make this showing.    Petitioner's Rule 60(b)(4) motion was plainly improper, as it was directed solely to the integrity of the proceedings in state court.   *See Harris v. United States*, 367 F.3d 74, 77 (2d Cir. 2004).    Because the Rule 60(b)(4) motion did not address the integrity of Petitioner's habeas proceedings, no reasonable jurist could find that the Rule 60(b)(4) motion showed that Petitioner's § 2254 petition stated a valid constitutional claim. Therefore, a COA shall not issue in this matter.

SO ORDERED.

Dated: New York, New York
June 22, 2020                                          _____/s/ Kimba M. Wood_____
                                                                            KIMBA M. WOOD
                                                                    United States District Judge